## EXHIBIT A



21STCV18983

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Teresa Beaudet

Electronically FILED by Superior Court of California, County of Los Angeles on 05/20/2021 10:18 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel, Deputy Clerk

1 VADIM YEREMENKO, ESQ. (State Bar No. 269804)
  vadimy@mamlaw.net
2 IMRAN RAHMAN, ESQ.(State Bar No. 308148)
  irahman@mamlaw.net
3 ALEX HADJIAN, ESQ. (State Bar No. 327534)
  ahadjian@mamlaw.net
4 MANCINI & ASSOCIATES
  15303 Ventura Boulevard, Suite 600
5 Sherman Oaks, CA 91403
  (818) 783-5757  Phone
6 (818) 783-7710  Fax

7 Attorneys for Plaintiff **GABRIEL GUERRERO**

8

9               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

                     **FOR THE COUNTY OF LOS ANGELES**
10

11 GABRIEL GUERRERO,                    )   Case No.   21STCV18983
                                        )
12           Plaintiff,                 )   **PLAINTIFF'S COMPLAINT FOR**
                                        )   **DAMAGES:**
13      vs.                             )
                                        )   **(1)    FOR PERCEIVED AND/OR**
14                                      )          **AGE HARASSMENT,**
   ESTENSON LOGISTICS, LLC;             )          **DISCRIMINATION AND**
15 HUB GROUP TRUCKING, INC.;            )          **RETALIATION IN VIOLATION**
   HUB GROUP, INC., DOING BUSINESS IN   )          **OF CALIFORNIA**
16 CALIFORNIA AS CALIFORNIA HUB         )          **GOVERNMENT CODE §§12940**
   GROUP;                               )          **ET SEQ. [FEHA];**
17 and DOES 1 through 100, Inclusive,   )
                                        )   **(2)    FOR RETALIATION AND**
18           Defendants.                )          **WRONGFUL TERMINATION**
                                        )          **IN VIOLATION OF PUBLIC**
19                                      )          **POLICY;**
                                        )
20                                      )   **(3)    FOR DECLARATORY RELIEF**
                                        )          **[Permanent Injunction**
21                                      )          **Requested];**
                                        )
22                                      )   **JURY TRIAL DEMANDED**
                                        )   **UNLIMITED JURISDICTION:**
23                                      )   **CASE VALUE IN EXCESS OF**
                                        )   **$25,000.00**
24                                      )
                                        )
25                                      )
                                        )
26                                      )
                                        )
27                                      )
                                        )
28                                      )
                                        )

                                    1

                 **PLAINTIFF'S COMPLAINT FOR DAMAGES**

**COMES NOW** Plaintiff **GABRIEL GUERRERO** (hereinafter referred to as "GUERRERO" or "Plaintiff") and complains against the above-named Defendants and for causes of action against the Defendants, and each of them, and alleges as follows:

### I.

### FIRST CAUSE OF ACTION

**(For Perceived and/or Age**

**Harassment, Discrimination and Retaliation in Employment**

**[California Government Code §12940 et seq.]**

**Against All Defendants and DOES 1 Through 100, Inclusive)**

1.      At all times mentioned herein, Plaintiff was, and now is, an individual residing in the County of Los Angeles, State of California.

2.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant ESTENSON LOGISTICS, LLC (hereinafter collectively referred to with all other Defendants as "Defendants") was, and now is, a Delaware limited liability company, duly registered and licensed to do business in the County of Los Angeles, State of California.

3.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant HUB GROUP TRUCKING, INC. (hereinafter collectively referred to with all other Defendants as "Defendants") was, and now is, a Delaware corporation, duly registered and licensed to do business in the County of Los Angeles, State of California.

4.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant HUB GROUP, INC., DOING BUSINESS IN CALIFORNIA AS CALIFORNIA HUB GROUP (hereinafter collectively referred to with all other Defendants as "Defendants") was, and now is, a Delaware corporation, doing registered and licensed to do business in the County of Los Angeles, State of California.

5.      Plaintiff is ignorant of the true names and capacities, whether corporate, associate, successor, alter ego, fictitious, individual or otherwise, of Defendants sued herein as DOES 1 - 100, Inclusive, and therefore sues said Defendants, and each of them, by such fictitious names. Plaintiff will seek leave of court to amend this Complaint to assert the true names and capacities of

2

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1 | the fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and
2 | believes, and thereon alleges, that each Defendant designated as "DOES" herein is legally
3 | responsible for the events, happenings, acts, occurrences, indebtedness, damages and liabilities
4 | hereinafter alleged and caused injuries and damages proximately thereby to Plaintiff, as hereinafter
5 | alleged.

6 |       6.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant
7 | herein, each Defendant designated, including DOES 1-100, herein was the agent, managing agent,
8 | principal, owner, partner, subsidiary, wholly owned subsidiary, partially owned subsidiary, joint
9 | venturer, joint employer, direct employer, special employer, client employer, labor contractor, alter
10 | ego, representative, supervisor, manager, servant, employee and/or co-conspirator of each of the
11 | other Defendants, and was at all times mentioned herein acting within the course and scope of said
12 | agency and employment, and that all acts or omissions alleged herein were duly committed with
13 | the ratification, knowledge, permission, encouragement, authorization and consent of each
14 | Defendant designated herein.

15 |       7.     At all times herein mentioned, from about January 20, 2012 until Plaintiff's
16 | wrongful termination on or about June 28, 2019, Plaintiff was employed as Truck Driver by
17 | Defendants and DOES 1 through 100, inclusive, and each of them, who were Plaintiff's employers,
18 | managers and supervisors.

19 |       8.     At all times herein alleged, including at the time of his termination, Plaintiff was
20 | over the age of forty (40) at sixty (60) years of age.

21 |       9.     Prior to June of 2019, Plaintiff made deliveries to various outside locations and had
22 | an assigned route. Plaintiff liked his job and had a good work history with Defendants.

23 |      10.    From about January of 2019 until Plaintiff's termination on or about June 28, 2019,
24 | Defendants' Manager Karina Medrano and Manager Tim would tell Plaintiff: "You look tired, are
25 | you tired?" on multiple occasions. During this same time frame, Defendants' Manager Karina
26 | Medrano also pressured Plaintiff to work on Saturdays, despite the fact that Plaintiff was already
27 | working 60 or more hours per week.

28 |      11.    In or about June of 2019, Plaintiff was reassigned to work at a new location–the

3

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  company's yard. This new assignment involved moving the parked trucks to allow other drivers to

2  make deliveries. Plaintiff had concerns about this new assignment and voiced them to Defendants'

3  Manager Karina Medrano. Plaintiff's concerns were ignored and Defendants' Manager Medrano

4  pressured him to work in this new capacity.

5       12.    While assigned to Defendants' yard, Plaintiff was tasked with using a particular

6  truck–#22797 to move the trailers. Plaintiff had previously reported issues with this truck to

7  Manager Karina Medrano. In particular, Plaintiff mentioned that the fifth wheel was having

8  problems hooking (latching), and unlatching (unhooking). Upon information and belief, Plaintiff's

9  co-worker who drove the same truck during the night shift also reported the same issues. Plaintiff

10  is informed and believes and thereon alleges that Defendants failed to adequately address the issues

11  with Plaintiff's truck.

12       13.    On or about June 25, 2019, Plaintiff was assigned to move a trailer in Defendants'

13  yard. After hooking it up and checking the connection, Plaintiff started driving the truck at a low

14  speed.  After a few turns, there was a malfunction with the fifth wheel and it got unlatched. There

15  was minor damage to the landing gear. Plaintiff immediately reported the incident to Manager

16  Karina Medrano and she instructed him to keep working.

17       14.    On or about June 26, 2019, Plaintiff reported to work and Manager Karina Medrano

18  assigned him to perform the same tasks at the yard as he did the day before. Manager Karina

19  Medrano also advised Plaintiff that Defendants had sent a mechanic to inspect the truck following

20  the previous day's incident and that everything was fine.

21       15.    About 3 hours into Plaintiff's shift, Manager Karina Medrano called him to the

22  office to review and sign an incident report. Plaintiff's witness, Jose Grajeda, also provided a

23  statement indicating that Plaintiff was not at fault for the incident. Plaintiff was then sent home.

24       16.    On or about June 28, 2019, Manager Karina Medrano called Plaintiff and told him

25  he was being terminated.

26       17.    On or about June 28, 2019, Defendants, and Does 1 through 100, and each of them,

27  wrongfully terminated Plaintiff for the false and/or pretextual reason that Plaintiff caused the June

28  25, 2019 incident.

4

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

18. Plaintiff is informed and believes, and thereon alleges, that Defendants, and Does 1 through 100, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably younger individuals. Specifically, Plaintiff is informed and believes, and thereon alleges, that substantially younger employees, including Francisco, were involved in more serious driving incidents and were not terminated by Defendants.

19. From about January of 2019, and continuing at least through June 28, 2019, and continuing, Defendants and DOES 1 through 100, and each of them, discriminated, harassed, and retaliated against Plaintiff on the basis of Plaintiff's perceived and/or age, over forty (40), by the following continuous actions, and conduct, among others:

    a.     Subjecting Plaintiff to repeated discriminatory and harassing statements and/or conduct by his supervisor as herein alleged;

    b.     Pressuring Plaintiff to work excessive hours;

    c.     Transferring Plaintiff to a less desirable assignment despite his protests;

    d.     Ignoring Plaintiff's complaints about malfunctioning equipment and/or failing to address those complaints;

    e.     Failing to adequately investigate the June 25, 2019 incident;

    f.     Disregarding Plaintiff's account of the June 25, 2019 incident and/or disregarding Jose Grajeda's witness statement pertaining to the June 25, 2019 incident;

    g.     Suspending Plaintiff following the June 25, 2019 incident;

    h.     On or about June 28, 2019, wrongfully terminating Plaintiff;

    i.     Plaintiff is informed and believes, and thereon alleges, that Defendants and DOES 1 through 100, and each of them, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably substantially younger individual(s);

    j.     Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff's age, as herein alleged;

    k.     Failing to rehire and/or reemploy Plaintiff.

20. The acts and conduct of Defendants, and each of them, as aforesaid, were in violation of California Government Code §12940 and 12941 et seq. Said statutes impose certain

1  duties upon Defendants, and each of them, concerning harassment, discrimination and retaliation
2  against persons, such as Plaintiff, on the basis of perceived and/or age and the prohibition of
3  perceived and/or age harassment, discrimination and retaliation.  Said statutes were intended to
4  prevent the type of injury and damage herein set forth.  Plaintiff was, at all times material hereto,
5  an employee over the age of forty (40), and within the protected class covered by California
6  Government Code §12940 and 12941, prohibiting perceived and/or age harassment, discrimination
7  and retaliation in employment.

8      21.    By the acts and conduct described above, Defendants, and each of them, in violation
9  of said statutes, knew about, or should have known about, and failed to investigate and/or properly
10  investigate, prevent or remedy the perceived and/or age harassment, retaliation and discrimination.
11  The acts of discrimination, retaliation and harassment described herein were sufficiently severe
12  and/or pervasive so as to alter the conditions of employment, and created an abusive working
13  environment.  When Plaintiff was harassed, discriminated against and retaliated against, Plaintiff's
14  perceived and/or age and/or complaints about the unlawful conduct was a substantial factor
15  motivating Defendants' conduct, and/or a motivating reason in Defendants' conduct.

16      22.    Plaintiff filed  timely charges and complaints of perceived and/or age harassment,
17  retaliation and discrimination with the California Department of Fair Employment and Housing
18  and has received Notice(s) of  Right to Sue in a California Superior Court pursuant to California
19  Government Code §12965(b).  Plaintiff has therefore exhausted Plaintiff's administrative remedies
20  under the California Government Code.  Attached hereto and incorporated herein as Exhibit "**A**"
21  are said Complaints and by reference hereto are made a part hereof.   Attached hereto and
22  incorporated herein as Exhibit "**B**" are said Right to Sue Notices and by reference hereto are made
23  a part hereof.

24      23.    By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has
25  been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333
26  including, but not limited to, loss of earnings and future earning capacity, medical and related
27  expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary
28  loss not presently ascertained, for which Plaintiff will seek leave of court to amend when

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  ascertained.

2       24.    As a direct and legal result of the acts and omissions of Defendants, and each of

3  them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and

4  externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,

5  discomfort and anxiety. The exact nature and extent of said injuries are not known to the plaintiff,

6  who will pray leave of court to insert the same when they are ascertained. Plaintiff does not at this

7  time know the exact duration or permanence of said injuries, but is informed and believes, and

8  thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

9       25.    As a further legal result of the acts and omissions of the Defendants, and each of

10  them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs

11  during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that

12  she will in the future be forced to incur additional expenses of the same nature, all in an amount

13  which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said

14  expenses at the time of trial.

15       26.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

16  since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and

17  believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's

18  usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount

19  which is at present unascertained. Plaintiff will pray leave of court to show the total amount of

20  loss of earnings at the time of trial.

21       27.    As a further direct and legal result of the acts and conduct of Defendants, as

22  aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent

23  emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

24  discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to

25  plaintiff, who will pray leave of court to assert the same when they are ascertained.

26       28.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

27  this court.

28       29.    The aforementioned acts of Defendants, and each of them, were wilful, wanton,

7

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard
2  of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of
3  Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of
4  managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the
5  awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

6      30.   As a result of the discriminatory acts of Defendants, and each of them, as alleged
7  herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically
8  provided in California Government Code § 12965(b).

9                                            II.

10                          **SECOND CAUSE OF ACTION**

11          **(For Retaliation and Wrongful Termination in Violation of Public Policy**

12                  **Against All Defendants and DOES 1 -100, Inclusive)**

13      31.   Plaintiff incorporates herein by reference Paragraphs 1 through 30 as though set
14  forth in full herein.

15      32.   At all times herein mentioned, the public policy of the State of California, as
16  codified, expressed and mandated in California Government Code §§12940 and 12941 was to
17  prohibit employers from discriminating, harassing, and retaliating against any individual based on
18  perceived and/or age, over forty.  This public policy of the State of California is designed to protect
19  all employees and to promote the welfare and well-being of the community at large.  Accordingly,
20  the actions of Defendants, and each of them, in discriminating, retaliating and terminating Plaintiff
21  on the grounds of stated above, or for complaining about such discrimination, retaliation and
22  harassment, was wrongful and in contravention and violation of the express public policy of the
23  State of California, to wit, the policy set forth in California Government Code §§12940 and 12941
24  et seq., and the laws and regulations promulgated thereunder.

25      33.   By the aforesaid acts and conduct of Defendants and DOES 1 through 100,
26  inclusive, and each of them, Plaintiff has been directly and legally caused to suffer actual damages
27  pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future
28  earning capacity, medical and related expenses for care and procedures both now and in the future,

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek
2  leave of court to amend when ascertained.

3      34.    As a direct and legal result of the acts and omissions of Defendants and DOES 1
4  through 100, inclusive, and each of them, Plaintiff was rendered sick, sore, lame, disabled and
5  disordered, both internally and externally, and suffered, among other things, numerous internal
6  injuries, severe fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said
7  injuries are not known to Plaintiff, who will pray leave of court to insert the same when they are
8  ascertained.  Plaintiff does not at this time know the exact duration or permanence of said injuries,
9  but is informed and believes, and thereon alleges, that some of the said injuries are reasonably
10  certain to be permanent in character.

11      35.    As a further legal result of the acts and omissions of Defendants and DOES 1
12  through 100, inclusive, and each of them, Plaintiff has been forced to incur expenses for medical
13  care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and
14  believes, and thereon alleges, that he will in the future be forced to incur additional expenses of the
15  same nature, all in an amount which is at present unknown.  Plaintiff will pray leave of court to
16  show the exact amount of said expenses at the time of trial.

17      36.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but
18  since said incidents  has been unable to engage fully in Plaintiff's occupation, and is informed and
19  believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's
20  usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount
21  which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of
22  loss of earnings at the time of trial.

23      37.    As a further direct and legal result of the acts and conduct of Defendants and DOES
24  1 through 100, inclusive, and each of them, as aforesaid, Plaintiff has been caused, and did suffer,
25  and continues to suffer severe and permanent emotional and mental distress and anguish,
26  humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature and
27  extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the
28  same when they are ascertained.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1    38.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

2  this court.

3    39.    The aforementioned acts of Defendants and DOES 1 through 100, inclusive, and

4  each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were

5  done in wilful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done

6  by managerial agents and employees of Defendants and DOES 1 through 100, inclusive, and each

7  of them, and with the express knowledge, consent, and ratification of managerial agents and

8  employees of Defendants and DOES 1 through 100, inclusive, and each of them, thereby justifying

9  the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

10    40.    As a result of the discriminatory acts of Defendants and DOES 1 through 100,

11  inclusive, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and

12  costs of said suit as specifically provided in California Code of Civil Procedure §1021.5.

13                                    **III**

14                        **THIRD CAUSE OF ACTION**

15        **(For Declaratory Relief Against All Defendants and DOES 1 -100, Inclusive)**

16    41.    Plaintiff incorporates herein by reference Paragraphs 1 through 40 as though set

17  forth in full herein.

18    42.    Depending on the outcome of this lawsuit via dispositive motion and ruling and/or a

19  trial and verdict  in this matter, Plaintiff hereby requests this Court issue an affirmative and binding

20  Declaration of Rights and Duties pursuant to the recent ruling in *Harris  v. City of Santa Monica*,

21  (2013) 56 C.4th 203, declaring that Defendants and DOES 1 through 100, inclusive, and each of

22  them, their successors, agents, representatives, employees and all persons who acted alone, or in

23  concert with said Defendants and DOES 1 through 100, inclusive, and each of them, committed

24  acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not

25  limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved

26  and/or shown at the time of the ruling(s) and or verdict(s), and as prohibited by the Fair

27  Employment and Housing Act, California Government Code §§12900 - 12996, and any other

28  applicable laws, cases, codes, regulations and statutes.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

43. At the time of the request for Declaratory Relief, there exists and/or will exist a present and actual controversy among the parties.

44. This Complaint, and the relevant causes of action herein, specifically plead an actual, present controversy, and the facts of the respective and underlying claims.

45. At the time of the request for Declaratory Relief, the facts of this case will have congealed to the point that the Court can determine issues and grant relief through Declaratory Relief and issue a decree of a conclusive character, with the force and effect of a Final Judgment.

46. As a result of the wrongful acts of Defendants and DOES 1 through 100, inclusive, and each of them, as alleged herein, Plaintiff requests that this Court issue an Order and Ruling permanently enjoining Defendants and DOES 1 through 100, inclusive, and each of them, their successors, agents, representatives, employees and all persons who acted alone, or in concert with said Defendants and DOES 1 through 100, inclusive, and each of them, from committing acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown at the time of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment and Housing Act, California Government Code §§12900 - 12996, and any other applicable laws, cases, codes, regulations and statutes.

47. As a result of the wrongful conduct of Defendants and DOES 1 through 100, inclusive, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b) and as specifically mentioned in *Harris v. City of Santa Monica*, (2013) 56 C.4th 203.

**WHEREFORE**, Plaintiff **GABRIEL GUERRERO**, prays for judgment against the Defendants and DOES 1 through 100, inclusive, and each of them, as follows:

1. For general damages in an amount within the jurisdictional limits of this Court;
2. For medical expenses and related items of expense, according to proof;
3. For loss of earnings, according to proof;
4. For loss of earning capacity, according to proof;

11
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

5.    For reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code §12965 (b), according to proof;

6.    For reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5, according to proof;

7.    For a permanent injunction against Defendants, and each of them, their successors, agents, representatives, employees and all persons who acted alone, or in concert with said Defendants, and each of them, from committing acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown at the time of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment and Housing Act, California Government Code §§12900 - 12996, and any other applicable laws, cases, codes, regulations and statutes;

8.    For reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b) and as specifically mentioned in *Harris v. City of Santa Monica*, (2013) 56 C.4th 203;

9.    For prejudgment interest according to proof;

10.    For punitive and exemplary damages, according to proof;

11.    For costs of suit incurred herein; and

12.    For such other and further relief as the court may deem just and proper.

Dated: May 19, 2021

MANCINI & ASSOCIATES
A Professional Law Corporation

By: _____
VADIM YEREMENKO, ESQ.
Attorneys for Plaintiff
**GABRIEL GUERRERO**

12

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Exhibit A - Page 26

## DEMAND FOR JURY TRIAL

Plaintiff **GABRIEL GUERRERO** hereby demands trial by jury.

Dated: May 19, 2021

MANCINI & ASSOCIATES
A Professional Law Corporation

By: _____
VADIM YEREMENKO, ESQ.
Attorneys for Plaintiff
**GABRIEL GUERRERO**

13
PLAINTIFF'S COMPLAINT FOR DAMAGES